UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARCEL'S TANNING SALONS, INC., | ) | Appeal from the U.S. Bankruptcy Court |
| | ) | Northern District of Indiana, |
| Appellant | ) | Case No. 07-31002/Proc. No. 06-3107 |
| | ) | |
| v. | ) | CASE NUMBER: 3:08-CV-103 PPS |
| | ) | |
| TANYA C. BENNETT, | ) | |
| | ) | |
| Appellee. | ) | |

## OPINION AND ORDER

Tanya Bennett declared bankruptcy and one of her creditors, Marcel's Tanning Salon, filed a claim in the bankruptcy action to determine the dischargeability of the debt. On December 20, 2007, the Bankruptcy Court set the following briefing schedule for Marcel's dischargeability claim: summary judgment and dispositive motions to be filed by February 4, 2008; responses by February 19, 2008. A legal assistant in Bennett's lawyer's office sought to accelerate the schedule. Here's what she did: she moved to dismiss Marcel's claim on December 27, 2007, and also submitted a Notice of Opportunity to Object. The Notice advised Marcel's to respond to Bennett's motion by January 16, 2008 – well before the date previously set by the court. January 16th came and went with no response from Marcel's. But this is not surprising since the Court's order gave them until February 19, 2008 to respond to the dispositive motion. Even though the Bankruptcy Court had already established a briefing schedule, the Bankruptcy Court dismissed Marcel's claim because Marcel's failed to respond by the deadline set by Bennett's legal assistant. Marcel's cried foul and moved to vacate the dismissal order under Rule 60(b) on the grounds that Marcel's should have been allowed until February 19 to respond in accordance with the Bankruptcy Court's scheduling order. The court denied Rule 60(b) relief, again on the grounds that Marcel's failed to respond by Bennett's deadline.

This matter is now before me on an appeal of the Bankruptcy Court's denial of Marcel's Motion to Set Aside the Order of Dismissal of its dischargeability claim. I find that the Bankruptcy Court abused its discretion when it relied on a party-supplied response deadline instead of the Bankruptcy Court's own deadline as the sole grounds for dismissing Marcel's claim. Therefore, the Bankruptcy Judge's decision to deny Rule 60(b) relief from the dismissal order is reversed.

## I. FACTUAL BACKGROUND

Tanya Bennett worked for Marcel's Tanning Salons, Inc. from February 1999 through May 2000. (DE 2-5 ¶ 1.) After Marcel's discovered that Bennett was stealing from the company, Bennett plead guilty to a criminal misdemeanor theft charge in Indiana state court. (*Id*.) Bennett filed for Chapter 7 bankruptcy relief but did not list Marcel's as a creditor. (*Id*. at 2.) Marcel's later obtained a state court judgment against Bennett in excess of $200,000, approximately $7,000 of which Marcel's received in wage garnishments from May 2005 through August 1, 2006. (*Id*. at 3.) On August 1, 2006, Bennett filed for Chapter 13 bankruptcy relief. (*Id*. at 3-4.) Shortly thereafter, Bennett filed a complaint alleging that Marcel's violated an automatic stay during the previous Chapter 7 proceedings because Marcel's sought recovery for the theft in state court after Bennett had filed for bankruptcy. (DE 2-2.) Marcel's counterclaimed, seeking a determination of the dischargeability of the state court judgment in the Chapter 13 case. (DE 2-3.) The parties filed cross summary judgment motions on the automatic stay issue. On September 17, 2007, the Bankruptcy Court granted summary judgment in favor of Marcel's, holding that Marcel's did not violate the automatic stay in the Chapter 7 case because Marcel's was not listed as a creditor in that case and was not given notice of the bankruptcy proceedings until after the case was closed. (DE 3-2 at 34-46.)

2

The Bankruptcy Court then held a pretrial conference on December 19, 2007, to chart the course for the litigation of Marcel's counterclaim to determine the dischargeability of Bennett's debt. (DE 3-2 at 8.) On December 20, 2007, the Bankruptcy Court entered an order directing that "[m]otions for summary judgment and dispositive motions be filed by February 4, 2008, with responses thereto due February 19, 2008." (DE 2-23.)

On December 27, 2007, Bennett filed a motion to dismiss Marcel's counterclaim. (DE 2-9.) Along with the motion to dismiss, Bennett sent Marcel's a Notice of Motion and Opportunity to Object. (DE 3-2 at 54.) The Notice was signed by a legal assistant at the law firm representing Bennett and advised Marcel's to file a written objection by January 16, 2008. (*Id.*) Marcel's did not respond by Bennett's January 16, 2008 deadline. On January 29, 2008, the Bankruptcy Court entered a short order granting Bennett's motion to dismiss on the sole grounds that "[n]otice of motion and opportunity to object were given, with no objections filed." (DE 2-24.) On January 30, 2008, Marcel's filed a Motion to Set Aside the Order of Dismissal under Rule 60(b), arguing that Marcel's was entitled to rely on the Court's deadline over Bennett's deadline. (DE 2-12.) The Bankruptcy Court denied Marcel's motion for Rule 60(b) relief, but gave no reasons for that decision other than to say that Marcel's failed "to object prior to the January 16, 2008 deadline" – the deadline set, not by the court, but by Bennett's paralegal. (DE 2-25.) Marcel's now appeals the order of the Bankruptcy Court denying Marcel's Motion to Set Aside the Order of Dismissal.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 158(a)(1), the district court sits as an appellate court for final orders entered by a bankruptcy judge, and is authorized to affirm, reverse, modify, or remand the bankruptcy judge's ruling. Fed. R. Bankr. P. 8013. This matter is an appeal from a bankruptcy

judge's denial of Rule 60(b) relief.  Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [for] mistake, inadvertance, surprise, or excusable neglect . . . or any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1).  Relief under Rule 60(b) is available in bankruptcy proceedings pursuant to Federal Bankruptcy Rule 9024.  And "an order denying relief from judgment under Rule 60(b) is generally considered a final appealable order." *In re Shepherds Hill Dev. Co., LLC*, 316 B.R. 406, 413 (B.A.P. 1st Cir. 2004).

A court's decision to deny relief under Rule 60(b) is discretionary; therefore appellate review is only for abuse of discretion and extremely deferential.  *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004).  In reviewing for abuse of discretion, it matters not whether I disagree with the bankruptcy judge's decision so long as the decision is within the range of options from which one would expect a reasonable judge to select.  *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002).  Nevertheless, an abuse of discretion does occur if a decision is "fundamentally wrong or is clearly unreasonable, arbitrary, or fanciful." *Greviskes v. Univs. Research Ass'n., Inc.* 417 F.3d 752, 758 (7th Cir. 2005) (citations omitted).

In this case, the Bankruptcy Court cited no authority for imposing Bennett's deadline on Marcel's, which effectively modified the court's own scheduling order.  Bankruptcy Rule 9006 grants bankruptcy courts discretion to modify deadlines.  The Rule states, with limited exceptions, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bank. P. 9006(c)(1) (emphasis added).  The Bankruptcy Court did not explain its decision to abandon its

4

briefing schedule.  Since the Bankruptcy Court failed to show cause for reducing the response deadline, I am left to speculate as to the Bankruptcy Judge's rationale.

The only stated reason for dismissing Marcel's counterclaim, and for denying Rule 60(b) relief, was Marcel's failure to respond to the deadline set forth in Bennett's Notice of Motion and Opportunity to Object. (DE 2-24, 2-25.)  Such notices are governed by Local Bankruptcy Rule B-2002-2.  Thus it appears that Bennett supplied the Notice with Local Rule B-2002-2 in mind.[1]  The Local Rule provides a list of certain motions that will be considered by the bankruptcy court without a hearing when notice of opportunity to object is given, unless the non-moving party objects by the deadline listed by the movant.  The problem is that Bennett's motion to dismiss is not one of the types of motions that trigger the Local Rule.  Therefore, it is not apparent to me why a deadline prescribed by a notice of opportunity to object was proper here.[2]  Even if it was, Local Rule B-2002-2(a) expressly states that the notice deadlines govern "*[e]xcept as otherwise ordered by the court*."  N.D. Ind. L.B.R. B-2002-2(b)(2) (emphasis supplied).

Parties are required to respect and adhere to scheduling orders.  *See Campania Mgmt. Co. v. Rooks, Pitts, & Poust,* 290 F.3d 843, 851 (7th Cir. 2002).  And the Seventh Circuit encourages courts to "carefully and thoughtfully adher(e) to the deadlines" as well.  *Id.* at 852.  These principles are typically pronounced in cases where parties stray beyond court-ordered deadlines.

---

[1] The Notice of Motion and Opportunity to Object is substantially in the form of Local Bankruptcy Forms 3(a) and 3(b) that correspond to Local Rule 2-2002-2, thus further suggesting that Bennett relied on this rule.

[2] Though not raised in the briefings, I point out that Bennett's Notice of Motion and opportunity to Object was not properly served.  The Notice was signed not by Bennett's counsel, but by Monica Junk, counsel's legal assistant.  The Local Bankruptcy Rules state unequivocally that Notices of Motion "*must* . . . be signed by counsel for the movant or the movant, if pro se."  N.D. Ind. L.B.R. B-2002-2(c) (emphasis in original).  Though I do not base my opinion on this flaw, it is worthy of mention.

*See id.*; *see also, e.g. Jovanovic v. In-Sink-Erator*, 201 F.3d 894, 896 (7th Cir. 2000).  But just as parties are expected to comply with a court's scheduling order, they are also entitled to rely on those orders.  *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 30 (1st Cir. 1996) ("When a court charts a procedural route, lawyers and litigants are entitled to rely on it.  A court cannot alter its bearings mid-course without signaling the impending change to the parties.").  Courts are generally afforded broad discretion in managing the timing of their dockets.  However, I see no legitimate rationale for the Bankruptcy Court's decision to set a briefing deadline, and then reduce that deadline, without notice or cause, to the detriment of one of the parties.  Nor has the Bankruptcy Court supplied any rationale.  Therefore, I am compelled to find that the Bankruptcy Court's dismissal was arbitrary and that the Bankruptcy Court abused its discretion in denying relief under Rule 60(b).

### III.  CONCLUSION

For the reasons stated above, the order of the Bankruptcy Court to deny Marcel's Motion to Set Aside the Order of Dismissal is **REVERSED** and this case is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.  Appellant's Motion for Hearing [DE 7] is **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: July 10, 2008

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT